UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA LOUISE PAFFORD,<br><br>    Plaintiff,<br><br> v.<br><br>PAUL DICTOS, et al.,<br><br>    Defendants. | Case No. 1:25-cv-00636-KES-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER<br><br>(Docs. 2, 3)<br><br>**FOURTEEN-DAY DEADLINE** |

   Plaintiff Rebecca Louise Pafford is proceeding pro se in this civil action against Defendants Paul Dictos, Amanda, County of Fresno, and Metropolitan Home Mortgage. (Doc. 1.) Currently before the Court are Plaintiff's motions for a preliminary injunction and temporary restraining order regarding a foreclosure sale (Doc. 2) and for a temporary restraining order and injunction regarding documents submitted to the Fresno County Recorder's Office (Doc. 3), both filed on May 28, 2025. The motions were referred to the undersigned on May 30, 2025, for the preparation of findings and recommendations or other appropriate action. (Doc. 6.) For the reasons that follow, the Court will recommend the motions for preliminary injunction and temporary restraining orders be denied.

   **I.  Motions for Preliminary Injunction and Temporary Restraining Order**

   Plaintiff seeks a preliminary injunction and temporary restraining order against

1

Defendants Paul Dictos, Amanda [Last Name Unknown], County of Fresno, Metropolitan Home Mortgage, Carrington Mortgage Services, and Bank United, N.A. (Docs. 2.) Specifically, Plaintiff seeks an injunction and temporary restraining order to halt the imminent foreclosure and sale of her property. (Doc. 2 at 1.) Plaintiff also seeks a temporary restraining order compelling the Fresno County Recorder's Office to record all documents submitted, including an "Affidavit of Material Fraud and [ ] Trust conveyance instruments," and an injunction enjoining the Recorder's Office from any further obstruction, delay, or interference. (Doc. 3 at 2.)

### A.     Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right."[1] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.*

Further, the pendency of this action does not give the Court jurisdiction over unserved defendants or unnamed parties in general. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 491– 93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010); *see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal

---

[1] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." *Rovio Entm't. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citations omitted).

1  court does not have jurisdiction over a defendant unless the defendant has been served properly
2  under Fed.R.Civ.P. 4."). Rather, the Court's jurisdiction is limited to the parties in this action and
3  to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491–93;
4  *Mayfield*, 599 F.3d at 969.

**B.     Analysis**

Plaintiff's complaint fails to establish this Court's subject matter jurisdiction. As indicated, federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by the United States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Generally, there are two bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332.

Plaintiff alleges that this Court's jurisdiction is premised on diversity. (Doc. 1 at 3.) Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Plaintiff does not allege that the parties' citizenship is completely diverse, nor does it appear that she can do so. Plaintiff and Defendants Paul Dictos and Amanda all have addresses listed in Fresno, California. (Doc. 1 at 2.) Additionally, Plaintiff does not allege that the amount in controversy exceeds $75,000. (*Id.* at 6.) Thus, Plaintiff's complaint does not establish diversity jurisdiction.

Plaintiff's complaint also does not adequately allege federal question jurisdiction. Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party*

3

*of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Here, Plaintiff's complaint does not clearly allege a violation arising under the Constitution, laws, or treaties of the United States. (*See generally* Doc. 1.) Although the attachments to her complaint indicate that she "will allege constitutional violations (1st, 4th, 5th Amendments) . . and civil rights violations under 42 U.S.C. § 1983," and the action "may also include mail fraud and obstruction 18 U.S.C. § 1701 and § 1341," (*id.* at 9), Plaintiff includes no such claims or actual allegations to support such claims in a properly pleaded complaint. Plaintiff's complaint therefore does not establish federal question jurisdiction.

Plaintiff also has not met the requirements for the injunctive relief that she seeks. First, there is no indication that any named defendant has been served with process, and no defendant has yet made an appearance in this action. Until defendants have been served, the Court at this time lacks personal jurisdiction over any defendants, and it cannot issue an order requiring them to take, or forbid them from taking, any action. The Court is unable to grant relief over which it lacks personal jurisdiction.

Further, under Local Rule 231, "[e]xcept in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice." L.R. 231(a). The moving papers provide no affidavit detailing the notice or efforts to effect notice to the affected parties, or a showing of good cause why the notice should not be given. L.R. 231(c)(5). Plaintiff states that the foreclosure sale has be scheduled, but provides no information as to when it is scheduled such that notice of the motions cannot be provided.

Second, Plaintiff fails to establish that she is likely to succeed on the merits.[2] As

---

[2] As a preliminary matter, Plaintiff asserts that she is proceeding in her capacity as a trustee of an "ecclesiastical trust." (Doc. 1 at 14; Doc. 2 at 3, ¶¶ 1-2; Doc. 3 at 1.) While making no determination

1  indicated, Plaintiff fails to establish this Court's jurisdiction.  Plaintiff's operative complaint,
2  which contains a single paragraph limited to her requested relief (Doc. 1 at 6), also does not
3  comply with Federal Rule of Civil Procedure 8.  Under Rule 8, a complaint must contain "a short
4  and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P.
5  8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of
6  a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*,
7  556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
8  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is
9  plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While factual
10 allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at
11 556–557.  The complaint and its attachments fail to include factual allegations sufficient to state a
12 claim for relief.

13         The Court notes that Plaintiff's attachments include allegations regarding the refusal of
14 the Fresno County Recorder's Office to record certain documents.  (*See* Doc. 1 at 7.)  To that end,
15 the complaint includes a separate Petition to Perpetuate Testimony pursuant to Federal Rule of
16 Civil Procedure 27(a).  (Doc. 1 at 8-9.)  Rule 27(a) "governs the taking of depositions to
17 perpetuate testimony before an action is filed." *Martinez v. Rodriguez*, No. 1:21-cv-01495-JLT-
18 BAK (SAB) (PC), 2022 WL 1190517, at *1 (E.D. Cal. Apr. 21, 2022).  Under this rule, a person
19 seeking to perpetuate testimony may file a verified petition indicating that "the petitioner expects
20 to be a party to an action cognizable in a United States court but cannot presently bring it or cause
21 it to be brought."  Fed. R. Civ. P. 27(a)(1)(A).  Plaintiff asserts that the "anticipated civil action
22 will involve unlawful and retaliatory refusal to record public trust instruments."  (Doc. 1 at 8.)
23 However, this action has already been filed by Plaintiff, and thus Rule 27(a) is inapplicable.  *See*
24 *Martinez*, 2022 WL 1190517, at *1 (denying Rule 27(a) motion where action already filed).  To
25 the extent Plaintiff's motion to perpetuate testimony also is in anticipation of the filing of a *qui*

---

27 regarding the validity of this assertion, the Court notes that a trustee does not have authority to appear *pro se* on behalf of a trust. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

*tam* action under the False Claims Act, (Doc. 1 at 11-12), it is not proper. A *pro se* litigant, such as Plaintiff, "is barred from prosecuting a *qui tam* action as a relator." *Hendow v. Univ. of Phoenix*, 296 F. App'x 587, 588 (9th Cir. 2008); *Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007) concluding "a *pro se* relator cannot prosecute a *qui tam* action on behalf of the United States").

Plaintiff's motions appear to include additional allegations regarding her claims, but also fail to show that she is likely to succeed on the merits. With respect to the foreclosure, while Plaintiff alleges the imminent foreclosure and sale of property, she provides no information concerning said foreclosure or sale, including a date for the sale or specific identification of the property. She also does not indicate whether there is a state court unlawful detainer action pending. With regard to refusal to record documents by the county recorder, Plaintiff claims that she submitted an Affidavit of Material Fraud and related trust conveyance documents to the Fresno County Recorder's Officer on or about May 21, 2025. (Doc. 3 at 1.) She alleges that the documents "were lawfully executed and pertain to the conveyance of protected private property into a 508(c)(1)(A) ecclesiastical trust, lawfully exempt from statutory jurisdiction under First Amendment protections."[3] (*Id.*). She further alleges that the Recorder's Office refused to record these documents "despite its ministerial duty to do so." (*Id.*) However, Plaintiff fails to establish that the documents at issue met the requirements for recordation by the county recorder. *See* Cal. Gov. Code § 27201.

Fourth, Plaintiff's motions make no showing that she will suffer irreparable harm in the absence of a temporary restraining order and/or preliminary injunction requiring the recording of documents or the halting of a foreclosure sale. This is particularly true given that there is no information provided regarding the foreclosure sale. Finally, Plaintiff makes no showing that the balance of equities tips in her favor or that an injunction is in the public interest with respect to either the foreclosure sale or the recordation of documents. Plaintiff's conclusory statements are not sufficient. (*See* Doc. 3 at 2.)

---

[3] The County Recorder's office reportedly refused to record "properly formatted, lawful documents including trust declarations, property notices, and bond disclosures. (Doc. 2 at 2.)

**II.     Conclusion and Recommendation**

Based on the above, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's motion for injunctive relief and temporary restraining order (Doc. 2) be denied; and

2. Plaintiff's emergency motion for temporary restraining order and injunctive relief (Doc. 3) be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 2, 2025**                           /s/ Barbara A. McAuliffe
                                                                  UNITED STATES MAGISTRATE JUDGE

7