UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA-LOUISE PAFFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>PAUL DICTOS, et al.,<br><br>    Defendants. | No. 1:25-cv-00636-KES-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS; ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED<br><br>(Docs. 2, 3, 7) |

    Plaintiff Rebecca-Louise Pafford, proceeding pro se, filed this civil action on May 28, 2025. Doc. 1. Concurrent with the filing of the complaint, plaintiff filed a motion for injunctive relief regarding a foreclosure sale, Doc. 2, and a motion for a temporary restraining order regarding documents submitted to the Fresno County Recorder's Office. Doc. 3. The motions were referred to the assigned magistrate judge for the preparation of findings and recommendations. Doc. 6.

    On June 3, 2025, the magistrate judge issued findings and recommendations recommending that the motions for injunctive relief and for a temporary restraining order be denied. Doc. 7. Specifically, the magistrate judge found that plaintiff's complaint failed to establish subject matter jurisdiction whether based on diversity or federal question jurisdiction. *Id.* at 3–4. Additionally, the magistrate judge determined that plaintiff had not met the requirements for injunctive relief. *Id.* at 4–6. The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. *Id*. at 7. Plaintiff has not filed any objections, and the time in which to do so

has passed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court finds that the conclusion that plaintiff's complaint fails to establish federal subject matter jurisdiction is supported by the record and proper analysis. Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

Accordingly:

1. The findings and recommendations issued on June 3, 2025, Doc. 7, are adopted to the extent set forth above.
2. Plaintiff's motions for injunctive relief and for a temporary restraining order (Docs. 2 & 3) are denied for lack of subject matter jurisdiction.
3. Plaintiff is ordered to show cause within 14 days of entry of this Order why this action should not be dismissed for lack of subject matter jurisdiction.
4. Alternatively, within 14 days of entry of this Order, plaintiff may file a notice of voluntary dismissal.
5. Failure to comply with this Order will result in a dismissal of this action.

IT IS SO ORDERED.

Dated:   July 5, 2025

UNITED STATES DISTRICT JUDGE

2